IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


LINDA C. HOLMES,

      Plaintiff,

v.

CLIFFORD ALFORD, JR. and FOREST
CITY ENTERPRISES, INC.,

      Defendants.

CIVIL ACTION NO.
1:12-cv-1713-JEC

## ORDER & OPINION

This case is before the Court on defendant Forest City Enterprises, Inc.'s ("Forest City's") Motion to Dismiss Due to Violation of Court Orders [18]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Forest City's Motion [18] should be **GRANTED** conditionally. As indicated below, the Court will give plaintiff one final opportunity to **SHOW CAUSE** why the case should not be dismissed. The **SHOW CAUSE** order will include a requirement that plaintiff pay the attorney's fees associated with preparing and filing Forest City's Motion to dismiss [18]. If plaintiff does not meet the requirements of the **SHOW CAUSE** order by the deadline specified below, the action will be **DISMISSED with prejudice**.

## <u>BACKGROUND</u>

This case arises out of plaintiff's alleged shooting by defendant Clifford Alford on April 23, 2010. (Compl. [1] at ¶ 16.) The shooting occurred in the Stonecrest Mall parking lot, where plaintiff had parked her car while she worked her shift at Kohl's Department Store. (*Id.* at ¶¶ 13-15.) According to plaintiff, the shooting resulted in part from the lax security provided by defendant Forest City, the owner of Stonecrest Mall. (*Id.* at ¶¶ 4, 30-39.)

Shortly after the case was filed, the Court issued a notice reminding counsel for the parties to submit a joint preliminary report and discovery plan and initial disclosures in accordance with Local Rules 16.2 and 26.1. (Notice [5].) Defendant Forest City is the only party that complied with the notice. (Preliminary Report and Scheduling Order [6].) In the preliminary report, counsel for Forest City indicated that he had attempted without success to communicate with plaintiff's counsel or obtain his consent to the report. (*Id.* at 1.) The report was completed solely by defense counsel, and was not signed by plaintiff's attorney. (*Id.* at 7.)

Therefore, Forest City subsequently moved to stay the case pending the related criminal prosecution of defendant Alford. (Def. Forest City's Mot. to Stay [11].) Plaintiff failed to respond to the motion, which the Court granted as unopposed. (Order [12].) Pursuant to the Court's order, the case was stayed and

2

administratively terminated for approximately nine months. (Order [16].)

The Court reopened the case on July 3, 2013, upon its receipt of Forest City's status report indicating that Alford's criminal proceeding had concluded with a negotiated plea agreement. (Status Report [15] and Order [16].) Forest City noted in the status report that plaintiff had previously failed to participate in drafting or reviewing the initial preliminary report, and also that she had failed to respond to Forest City's initial disclosures and other discovery requests made by Forest City prior to the stay. (Status Report [15] at 2.) In its order reopening the case, the Court directed plaintiff to submit a joint preliminary report and respond to Forest City's initial disclosures and other outstanding discovery requests by August 5, 2013. (Order [16] at 2.) The Court further instructed plaintiff that defendant Alford must be served by August 30, 2013. (*Id.*)

Plaintiff did not respond to the Court's order. Forest City submitted another preliminary report on its own behalf by the August 5 deadline. (Preliminary Report [17].) Forest City then filed a motion to dismiss the action under Rule 37(b) and Local Rule 41.3A(2), due to plaintiff's ongoing failure to comply with the Court's orders or respond to discovery. (Def. Forest City's Mot. to Dismiss [18].) Plaintiff did not respond to Forest City's motion.

3

## DISCUSSION

As indicated in Forest City's briefing, the Court has the authority to dismiss this action under either Rule 37 or Rule 41 of the Federal Rules of Civil Procedure.  Rule 37(b) expressly permits the Court to enter an order dismissing an action as a result of a party's failure "to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A).  Rule 41 similarly authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b).  *See also* LR 41.3, NDGa (providing for dismissal where a plaintiff "fail[s] or refuse[s] to obey a lawful order of the court").

Based on the record in this case, plaintiff has failed to comply with several orders of the Court providing for discovery and other lawful orders concerning the preliminary report and service of one of the defendants in the case.  (*See* Notice [5] and Order [16].) Plaintiff's counsel has ignored lawful discovery requests and refused to communicate either with the Court or the opposing parties. Indeed, plaintiff's counsel does not appear to have taken any action in the case since filing the complaint in May, 2012.  (Compl. [1].) *See* LR 43.1(A)(3)(providing for the dismissal of "[a] case [that] has been pending in [the] court for more than six (6) months without any substantial proceedings of record").  Meanwhile, Forest City has been incurring attorney's fees in an effort to defend itself in an action

4

that plaintiff has simply refused or neglected to prosecute.

Although dismissal of an action is an extreme sanction, it is authorized when there is a "clear pattern of delay or willful contempt" and "lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1338 (11th Cir. 2005). Both of these requirements are met here. This case does not involve the violation of an isolated court order or a few missed deadlines, but the complete disregard of every order that the Court has issued and all lawful discovery propounded by Forest City. *See Williams v. Talladega Cmty. Action Agency,* 2013 WL 4712742 at *1 (11th Cir. 2013)(upholding the district court's dismissal of an action as a result of the plaintiff's failure to comply with the court's order to correct her shotgun pleading). On at least one occasion, plaintiff was specifically warned that failure to comply with the Court's directives could result "in sanctions being imposed, such as dismissal of the action." (Notice [5].)

Nevertheless, the Court will give plaintiff one final opportunity to avoid dismissal. Accordingly, the Court will conditionally **GRANT** Forest City's motion to dismiss [18], but will allow plaintiff to **SHOW CAUSE,** via a motion to reconsider filed by Friday, **February 28, 2014,** why the action should not be dismissed. In her submission, plaintiff should specify the reasons for her failure to (1) comply with the Court's orders and (2) respond to

5

Forest City's discovery requests.   Plaintiff should also indicate
that she is able and willing to reimburse Forest City for the
attorney's fees incurred in preparing and filing its motion to
dismiss.  Assuming plaintiff meets both of these requirements by the
February 28, 2014 deadline, the Court will reevaluate the motion to
dismiss.  If plaintiff does not meet these requirements, the action
against defendant Forest City will be **DISMISSED with prejudice**.  The
Court will not grant any extensions of the deadline.

### CONCLUSION

For the foregoing reasons, the Court conditionally **GRANTS**
defendant Forest City's Motion to Dismiss [18].  As set out above,
plaintiff must seek reconsideration of this Order, by February 28,
2014, and must demonstrate why the action should not be dismissed, in
a filing that (1) explains the reason for plaintiff's failure to
comply with the Court's orders and Forest City's discovery requests,
(2) indicates that plaintiff has complied with her discovery
obligations, and (3) indicates plaintiff's ability and willingness to
reimburse Forest City for its attorney's fees in seeking dismissal.[1]

---

[1]  To comply with the latter, plaintiff's counsel must obviously
take the initiative to contact defendant's counsel to determine the
amount of these fees.

AO 72A
(Rev.8/82)

SO ORDERED, this 3rd day of February, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)